James Cai, SBN 200189
Ray D. Hacke, SBN 276318
SCHEIN & CAI LLP
111 N. Market St., Suite 1020
San Jose, California 95113
Telephone: (408) 436-0789
Facsimile: (408) 436-0758

Attorneys for Plaintiff/Debtor
Angela Maritza Falla

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

In re:

ANGELA MARITZA FALLA,

    Debtors.

ANGELA MARITZA FALLA,

    Plaintiff,

v.

BANK OF AMERICA, N.A., JPMORGAN CHASE BANK, N.A., G.E. CAPITAL RETAIL BANK, DISCOVER NATIONAL BANK, U.S. BANK, N.A., PROVIDENT CREDIT UNION, EQUIANT FINANCIAL SERVICES, FIA CARD SERVICES, FDSB MACY'S, NORDSTROM FSB, and USCB, INC.,

    Defendants.

Case No.: 12-32610

CHAPTER 13

ADV. No.:

**REQUEST FOR PRELIMINARY INJUNCTION STAYING ACTIONS BY ALL CREDITORS [11 U.S.C. § 105(a) and Fed. R. Bankr. P. 7065]**

**Date:** February 19, 2013
**Time:** 1:00 p.m.
**Place:** U.S. Bankruptcy Court
235 Pine Street
19th Floor
San Francisco, CA 94104
**Judge:** Hon. Thomas E. Carlson

COMPLAINT
1

## REQUEST FOR PRELIMINARY INJUNCTION STAYING ACTIONS BY ALL CREDITORS PURSUANT TO 11 U.S.C. § 105(a) AND FED. R. BANKR. P. 7065

ANGELA MARITZA FALLA (hereinafter "Plaintiff"), the Debtor in the underlying bankruptcy matter and the Plaintiff herein, complaining of Defendants BANK OF AMERICA, N.A., JPMORGAN CHASE BANK, N.A., G.E. CAPITAL RETAIL BANK, DISCOVER NATIONAL BANK, U.S. BANK, N.A., PROVIDENT CREDIT UNION, EQUIANT FINANCIAL SERVICES, FIA CARD SERVICES, FDSB MACY'S, NORDSTROM FSB, and USCB, INC. (hereinafter collectively "Defendants"), hereby alleges as follows:

## JURISDICTION AND VENUE

1. This Court has exclusive jurisdiction of this adversary proceeding pursuant to the provisions of 28 U.S.C. § 157.

2. Pursuant to Fed. R. Bankr. P. 7008(a), Plaintiff hereby states that this is a "core proceeding" within the meaning of 28 U.S.C. § 157(b).

3. Plaintiff filed a Chapter 13 petition on September 11, 2012, in the United States Bankruptcy Court for the Northern District of California, instituting Case No. 12-32610.

## STANDING

4. Plaintiff has suffered, continues to suffer, and faces further injury as a result of Defendants' actions alleged herein, namely the loss of title to, ever-present threat of eviction from, and potential loss of use and enjoyment of the real property commonly known as 2073 Polk Avenue, San Mateo, CA 94403 (hereinafter "the Subject Property").

5. Defendants' actions alleged herein are the cause of the injuries Plaintiffs have suffered, continue to suffer, and will further suffer if relief is not granted.

6. This Court can provide redress for Plaintiff's injury by providing the relief requested pursuant to 28 U.S.C. § 157, 11 U.S.C. § 105(a) and Fed. R. Bankr. P. 7065.

# FACTS

7. The Chapter 13 bankruptcy case underlying the herein adversary proceeding, Case No. 12-32610, is the second that Plaintiff has had pending within the past year.

8. Plaintiff's first bankruptcy case, Case No. 12-30547, was filed on February 21, 2012 and dismissed on August 9, 2012.

9. Because Case No. 12-32610 is the second that Plaintiff has had pending within the past year, Plaintiff only had the benefit of the automatic stay that went into effect upon her commencement of the case for 30 days pursuant to 11 U.S.C. § 362(c)(3)(A).

10. Plaintiff's attorneys could and should have filed a motion to extend the automatic stay pursuant to 11 U.S.C. § 362(c)(3)(B), but failed to do so.

11. As a result, the automatic stay expired on October 11, 2012, leaving Plaintiff's creditors, the Defendants named herein, free to take any and all actions proscribed under 11 U.S.C. § 362(a) to either collect money owed on a debt or repossess property securing a debt.

12. Plaintiff's attorneys did not discover that the automatic stay had expired in Case No. 12-32610 until two weeks after it expired.

13. Plaintiff has recently learned that the Subject Property has been scheduled to be foreclosed on February 15, 2013.

14. Because Plaintiff's primary purpose in commencing Case No. 12-32610 was to prevent the loss of the Subject Property, Plaintiff is now seeking injunctive relief via adversary proceeding pursuant to 11 U.S.C. § 105(a).

15. Plaintiff is also seeking injunctive relief to prevent her other creditors from taking any of the actions proscribed under 11 U.S.C. § 362(a) to either collect money owed on a debt or repossess property securing a debt while Plaintiff is in bankruptcy.

# SOLE CAUSE OF ACTION
## (INJUNCTIVE RELIEF)

16. Plaintiff incorporates and re-alleges each and every one of the allegations from paragraphs 1 through 15, above, as though fully set forth herein.

17. Plaintiff is entitled to a preliminary injunction preventing the sale or transfer of, or Plaintiff's eviction from, the Subject Property and enjoining any action in connection therewith while Plaintiff is in bankruptcy.

18. Plaintiff is also entitled to a preliminary injunction enjoining her other creditors from taking any of the actions proscribed under 11 U.S.C. § 362(a) to collect money owed on a debt or repossess property securing a debt while Plaintiff is in bankruptcy.

WHEREFORE, Plaintiff prays for judgment against Defendants as set forth below.

(1) Pursuant to Fed. R. Civ. P. 65, as incorporated by Fed. R. Bankr. P. 7065, and 11 U.S.C. § 105(a), for a preliminary injunction enjoining Defendants and/or their attorneys, agents, employees and successors from any further actions purporting to sell, transfer, or evict Plaintiff from the Subject Property;

(2) To render void any purported transfer or sale of the Subject Property undertaken by Defendants and/or their attorneys, agents, employees and successors subsequent to Plaintiffs' bankruptcy filing on September 11, 2012, and restore title to Plaintiff;

(3) Pursuant to Fed. R. Civ. P. 65, as incorporated by Fed. R. Bankr. P. 7065, and 11 U.S.C. § 105(a), for a preliminary injunction enjoining Defendants and their attorneys, agents, employees and successors from any further actions proscribed under 11 U.S.C. § 362(a) to collect money owed on a debt or repossess property securing a debt while Plaintiff is in bankruptcy;

(4) Other such legal and equitable relief the court deems just and proper.

February 7, 2013

Respectfully submitted,

/s/ *RAY D. HACKE*

Ray D. Hacke
Attorney for Plaintiff/Debtor
Angela Maritza Falla

COMPLAINT
4